UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation, successor in interest to FLEETBOSTONROBERTSON STEPHENS, INC.,<br><br>Defendant,<br><br>and<br><br>OMNIVISION TECHNOLOGIES, INC., a Delaware corporation,<br><br>Nominal Defendant. | NO. C07-1668<br><br>COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934<br><br>JURY DEMAND<br><br><br><br>07-CV-01668-CMP |

### I.     IDENTIFICATION OF PARTIES

1. ***Plaintiff Simmonds.***  Plaintiff Vanessa Simmonds is a resident of the state of Washington.  She is a shareholder of Omnivision Technologies, Inc.

2. ***Defendant Bank of America Corporation.***  Bank of America Corporation ("Bank of America") is a Delaware corporation headquartered in Charlotte, North Carolina.  Bank of

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

America is successor in interest to FleetBoston Robertson Stephens, Inc. ("FBRS"), and transacts business in the Western District of Washington.

3. *Nominal Defendant.* Nominal defendant Omnivision Technologies, Inc. ("Omnivision") is a Delaware corporation headquartered in Sunnyvale, California, and is the issuer in this action brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("Section 16(b)").

## II. JURISDICTION AND VENUE

4. *Jurisdiction.* Jurisdiction in this Court arises under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

5. *Venue.* Venue is proper in this Court under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, because, *inter alia,* Bank of America transacts business in this district.

## III. STATUTORY DEMAND AND VESTING OF SECTION 16(b) CLAIMS

6. *Statutory Demand.* By letter dated July 23, 2007, which was faxed and mailed to the Omnivision board of directors on that date, Ms. Simmonds made a 60-day demand on Omnivision pursuant to Section 16(b).

7. *Failure to Comply with Demand.* More than 60 days have elapsed, and Omnivision has failed to comply with Ms. Simmonds' Section 16(b) demand.

8. *Vesting of Claims in Plaintiff.* As a result of Omnivision's failure to comply with Ms. Simmonds' demand, all rights to maintain this action have vested fully in Ms. Simmonds pursuant to Section 16(b). Omnivision is named herein only as a nominal party.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 2

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV. FACTUAL ALLEGATIONS

9. *Lead Underwriters on Omnivision IPO.* Prior to March 8, 2000, the date on which Omnivision filed its initial preliminary prospectus with the Securities and Exchange Commission ("SEC"), Omnivision retained RS to serve as lead underwriter on the Initial Public Offering ("IPO") of Omnivision common stock. Omnivision filed its final prospectus with the SEC on July 14, 2000, and identified FBRS as lead underwriter on its IPO.

10. *Lock-Up Agreements.* As a condition of the underwriting, Omnivision's directors and officers, as well as other stock and option holders, as identified in the IPO prospectus, entered into "lock-up agreements" with FBRS and the other IPO underwriters. The lock-up agreements were for the specific purpose of collectively holding - and refraining from selling - shares of Omnivision stock, and furthered the overall common objective described below. These lock-up agreements provided that, subject to limited exceptions, the stockholder could not offer, sell, contract to sell, pledge or otherwise dispose of any Omnivision common stock or securities for a period of 180 days after the effective date of the IPO. FBRS, however, had the right, in its sole discretion, at any time without notice, to release all or any portion of the shares subject to lock-up agreements. As a result, FBRS, for itself and as representative of the other IPO underwriters, directly or indirectly shared control over the disposition of approximately 16 million shares of Omnivision common stock at the time of the Omnivision IPO.

11. *Creating Opportunity to Profit from "Hot" Omnivision IPO.* Based on its assessment of Omnivision as a potentially "hot" IPO – *i.e.*, one in which there likely would be substantial investor demand for shares of Omnivision stock in both the IPO allocation and

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 3

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

aftermarket – FBRS created the opportunity for itself, directly and indirectly, to profit or share in any profits derived from transactions in Omnivision stock.

12. *Lack of Good Faith in IPO Underwriting Activities.*

(a) *Scheme to Share in Customer Profits.* FBRS, directly and indirectly, through contracts, arrangements, understandings, relationships or otherwise, created the opportunity for itself, directly and indirectly, to profit or share in any profits derived from the transactions of its customers in Omnivision stock. This conduct violated NASD Conduct Rule 2330(f), which prohibited FBRS from sharing, directly or indirectly, in the profits or losses of its customers. Based on this violation, FBRS lacked good faith in connection with its IPO underwriting and distribution activities involving Omnivision stock.

(b) *Laddering Activities.* FBRS, in conjunction with the other IPO underwriters and with the objective of inflating the aftermarket price of Omnivision stock, secretly required customers, in return for allocations of Omnivision IPO shares, to purchase additional shares of Omnivision stock in the aftermarket at progressively higher prices. This practice is referred to as "laddering," and violates Rule 101 of Regulation M under the Securities Exchange Act of 1934. Based on this violation, FBRS and the other IPO underwriters lacked good faith in connection with their IPO underwriting and distribution activities involving Omnivision stock.

13. *Common Objective to Inflate Aftermarket Price of Omnivision Stock.* FBRS and Omnivision officers, directors and principal shareholders coordinated their efforts towards inflating the aftermarket price of Omnivision stock to a level sufficiently above the IPO price to enable them to reap substantial profits from the sale of Omnivision stock.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 4

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

14. *Furtherance of Common Objective.* In furtherance of this common objective, Omnivision officers, directors and principal shareholders agreed to, or acquiesced in, the pricing of Omnivision's IPO shares at a small fraction of what they knew to be the likely aftermarket price range of Omnivision stock based on clear indications of IPO and aftermarket demand. They did so with the expectation of deriving personal financial benefits, after the expiration of the lock-up agreements, from the sale of their Omnivision stock into a market inflated through the activities of RS and other IPO underwriters. For its part, FBRS engaged in laddering and improper research-related activities that were designed to inflate the market price of Omnivision stock. FBRS did so with the expectation of creating the opportunity to profit or share in any profits derived from transactions in Omnivision stock.

15. *IPO Shares Priced at $13, Trade in Aftermarket at $37.* The 5.75 million shares of Omnivision stock sold in connection with its IPO raised $69.5 million for Omnivision – slightly more than just one-third of what buyers paid for Omnivision shares in the immediate aftermarket.

16. *10% Group Status.* FBRS, the other IPO underwriters and Omnivision officers, directors and principal shareholders beneficially owned Omnivision stock while they pursued a common objective that involved acquiring, holding or disposing of Omnivision stock, and thereby constituted a group (the "Group") pursuant to Section 13(d) of the Exchange Act of 1934 and Rule 13d-5 promulgated thereunder. Collectively, the Group beneficially owned in excess of 10 percent of Omnivision's outstanding common stock from the Group's inception prior to July 14, 2000, through at least July 13, 2001 (the "Relevant Period"). As a result, FBRS and the

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 5

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

other members of the Group were subject to the reporting requirements of Section 16(a) and the short-swing trading prohibition of Section 16(b) throughout the Relevant Period.

17. *Transactions in Omnivision Stock.* Throughout the Relevant Period and within periods of less than six months, FBRS profited from purchases and sales, or sales and purchases, of Omnivision stock of which FBRS was beneficial owner for purposes of Section 16(b) (the "Transactions"). FBRS directly or indirectly had or shared a direct or indirect pecuniary interest in Omnivision stock in various ways, including, but not limited to, the following: (i) by sharing in the profits of customers to whom FBRS made IPO allocations of Omnivision stock; (ii) by allocating shares of Omnivision stock to executives and other high-level insiders of other companies, both private and public, from which FBRS expected to receive new or additional investment banking business in return (a practice referred to as "spinning"); and (iii) by creating the opportunity for other members of the Group to derive personal financial benefits from the sale of Omnivision stock into an inflated market, in an effort by FBRS to obtain future investment banking business from Omnivision.

18. *Failure to Comply with Section 16(a) Reporting Requirements.* FBRS failed to report the Transactions as required under Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(a), thereby tolling the two-year statute of limitations set forth in Section 16(b). Because FBRS failed to report these Transactions as required by Section 16(a), the precise dates of prohibited Transactions by FBRS, any member of the Group, or others, in Omnivision stock beneficially owned by FBRS, are unknown to Ms. Simmonds at this time.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 6

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## V.     CAUSE OF ACTION

### Short-Swing Profits Generated In Violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

19.  *Incorporation.*  The allegations in the preceding paragraphs are incorporated as if fully set forth herein.

20.  *Short-Swing Trades.*  FBRS profited from the Transactions in Omnivision stock by engaging in such Transactions within periods of less than six months during the Relevant Period. FBRS thereby violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

21.  *Remedy.*  Bank of America, as successor in interest to FBRS, must disgorge all profits, with interest, from its short-swing Transactions in Omnivision stock, in amounts to be proven at trial.

## VI.     REQUESTED RELIEF

Plaintiff respectfully requests the following relief:

(a)   Judgment against Bank of America for all profits from the Transactions prohibited by Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b), in amounts to be proven at trial;

(b)   An award of pre-judgment and post-judgment interest on all amounts awarded or restitution or disgorgement ordered;

(c)   An award of costs and attorneys' fees against Bank of America; and

(d)   Such other and further relief that this Court deems just and equitable.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 7

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 12th day of October, 2007.

GORDON TILDEN THOMAS & CORDELL LLP

By: _____
Jeffrey L. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Mark A. Wilner, WSBA #31550

Attorneys for Plaintiff

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 8

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292