1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS, | NO.  C07-1668 JLR |
| Plaintiff, | |
| | FIRST AMENDED COMPLAINT FOR |
| v. | RECOVERY OF SHORT-SWING |
| | PROFITS UNDER SECTION 16(b) OF |
| BANK OF AMERICA CORPORATION, a | THE SECURITIES EXCHANGE ACT |
| Delaware corporation, | OF 1934 |
| and | JURY DEMAND |
| ROBERTSON STEPHENS, INC., a | |
| Massachusetts corporation, | |
| Defendants, | |
| and | |
| OMNIVISION TECHNOLOGIES, INC., a | |
| Delaware corporation, | |
| Nominal Defendant. | |

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 1
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## I.    IDENTIFICATION OF PARTIES

1.    *Plaintiff Simmonds.*  Plaintiff Vanessa Simmonds is a resident of the state of Washington.  She is a shareholder of Omnivision Technologies, Inc.

2.    *Defendant Bank of America.*  Bank of America Corporation ("Bank of America") is a Delaware corporation headquartered in Charlotte, North Carolina.  At all times relevant hereto, FleetBoston Robertson Stephens Inc. ("FBRS") was a wholly owned and controlled subsidiary of FleetBoston Financial Corporation ("FleetBoston"), a financial holding company.  The financial operations of FBRS were, for financial reporting and other purposes, consolidated with the financial operations of FleetBoston and its other subsidiaries.  Moreover, FleetBoston had actual authority over, and control of, the financial operations of FBRS, and its conduct as alleged herein, and directly and substantially benefited therefrom.  FleetBoston was a "controlling person" under Section 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78t), and was liable for violations of the Securities Exchange Act of 1934 on the part of FBRS.  Thereafter, Bank of America became successor-in-interest to FleetBoston.  As successor-in-interest to FleetBoston, Bank of America assumed the liabilities of FleetBoston, including liability for the violations by FBRS of Section 16(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78p(b) ("Section 16(b)") as alleged herein.  Bank of America transacts business in the Western District of Washington.

3.    *Defendant Robertson Stephens.*  Robertson Stephens, Inc. ("Robertson Stephens") is a Massachusetts corporation, which was formerly known as FBRS.  At all times relevant hereto, FBRS was headquartered in San Francisco, California, and transacted business

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 2
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

in the Western District of Washington. Roberson Stephens has joint and several liability with

Bank of America for the Section 16(b) violations of FBRS as alleged herein.

4. ***Nominal Defendant Omnivision.*** Nominal defendant Omnivision Technologies,

Inc. ("Omnivision") is a Delaware corporation headquartered in Sunnyvale, California, and is the

issuer in this action brought under Section 16(b).

## II. JURISDICTION AND VENUE

5. ***Jurisdiction.*** Jurisdiction in this Court arises under Section 27 of the Securities

Exchange Act of 1934, 15 U.S.C. § 78aa.

6. ***Venue.*** Venue is proper in this Court under Section 27 of the Securities

Exchange Act of 1934, 15 U.S.C. § 78aa, because, *inter alia,* Bank of America transacts business

in this district.

## III. STATUTORY DEMAND AND VESTING OF SECTION 16(b) CLAIMS

7. ***Statutory Demand.*** By letter dated July 23, 2007, which was faxed and mailed to

the Omnivision board of directors on that date, Ms. Simmonds, in her capacity as a shareholder

of Omnivision, made a 60-day demand on Omnivision pursuant to Section 16(b).

8. ***Failure to Comply with Demand.*** More than 60 days have elapsed, and

Omnivision has failed to comply with Ms. Simmonds' Section 16(b) demand.

9. ***Vesting of Claims in Plaintiff.*** As a result of Omnivision's failure to comply

with Ms. Simmonds' demand, all rights to maintain this action have vested fully in Ms.

Simmonds pursuant to Section 16(b). Omnivision is named herein only as a nominal party.

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 3
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## IV.   FACTUAL ALLEGATIONS

10.    *Lead Underwriters on Omnivision IPO.*  Prior to March 8, 2000, the date on

which Omnivision filed its initial registration statement/prospectus with the Securities and

Exchange Commission ("SEC"), Omnivision retained FBRS to serve as lead underwriter on the

Initial Public Offering ("IPO") of Omnivision common stock.  Omnivision filed its final

prospectus with the SEC on July 14, 2000, and identified FBRS as lead underwriter on its IPO.

11.    *FBRS Creates Opportunity to Profit from "Hot" Omnivision IPO.*  Based on its

assessment of Omnivision as a potentially "hot" IPO, *i.e.,* one in which there likely would be

substantial investor demand for shares of Omnivision stock in both the IPO allocation and

aftermarket, FBRS created the opportunity for itself to directly and indirectly profit or share in

any profits derived from transactions in Omnivision stock.

12.    *Lack of Good Faith in IPO Underwriting Activities.*

(a) *Scheme to Share in Customer Profits.*  FBRS, directly and indirectly,

through contracts, arrangements, understandings, relationships or otherwise, created the

opportunity for itself to directly and indirectly profit or share in any profits derived from the

transactions of its customers in Omnivision stock.  This conduct violated NASD Conduct Rule

2330(f), which prohibited FBRS from sharing, directly or indirectly, in the profits or losses of its

customers.  Based on this violation, FBRS lacked good faith in connection with its IPO

underwriting and distribution activities involving Omnivision stock.

(b) *Laddering Activities.*  FBRS, in conjunction with the other IPO underwriters

and with the objective of inflating the aftermarket price of Omnivision stock, secretly required

customers, in return for allocations of Omnivision IPO shares, to purchase additional shares of

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 4
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Omnivision stock in the aftermarket at progressively higher prices. This practice is referred to as "laddering," and violates Rule 101 of Regulation M under the Securities Exchange Act of 1934. Based on this violation, FBRS and the other IPO underwriters lacked good faith in connection with their IPO underwriting and distribution activities involving Omnivision stock.

13.     ***Common Objective to Inflate Aftermarket Price of Omnivision Stock.*** FBRS and Omnivision officers, directors and principal shareholders coordinated their efforts towards inflating the aftermarket price of Omnivision stock to a level sufficiently above the IPO price to enable them to reap substantial profits from the sale of Omnivision stock. Through their concerted activity, FBRS and the Omnivision officers, directors and principal shareholders misused, or otherwise took unfair advantage of, the control and influence they had over the internal corporate affairs of Omnivision.

14.     ***Lock-Up Agreements.*** Omnivision's directors and officers, as well as other stock and option holders, as identified in the IPO prospectus, entered into "lock-up agreements" with FBRS and the other IPO underwriters. The lock-up agreements were for the specific purpose of collectively holding - and refraining from selling - shares of Omnivision stock, and furthered the overall common objective. These lock-up agreements provided that, subject to limited exceptions, the stockholder could not offer, sell, contract to sell, pledge or otherwise dispose of any Omnivision common stock or securities for a period of 180 days after the effective date of the IPO. FBRS, however, had the right, in its sole discretion, at any time without notice, to release all or any portion of the shares subject to lock-up agreements. As a result, FBRS, for itself and as representative of the other IPO underwriters, directly or indirectly shared control

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 5
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

over the disposition of approximately 16 million shares of Omnivision common stock at the time of the Omnivision IPO.

15.     *Underpricing of IPO.*  In furtherance of this common objective, FBRS and Omnivision officers, directors and principal shareholders agreed to the pricing of Omnivision's IPO shares at a small fraction of what they knew to be the likely aftermarket price range of Omnivision stock based on clear indications of IPO and aftermarket demand.  In doing so, FBRS, and Omnivision officers, directors and principal shareholders coordinated their control and influence over the corporate affairs of Omnivision in a manner that was contrary to the interests of Omnivision and its other shareholders.  The Omnivision officers, directors and principal shareholders did so with the expectation of deriving personal financial benefits, after the expiration or earlier release of the lock-up agreements, from their sale of Omnivision stock into a market inflated through the activities of FBRS and other IPO underwriters.  For its part, FBRS engaged in an IPO allocation scheme involving laddering and improper research-related activities that were designed to inflate the market price of Omnivision stock.  It did so with the expectation of creating the opportunity to directly and indirectly profit or share in any profits derived from transactions in Omnivision stock.

16.     *IPO Shares Priced at $13, Trade in Aftermarket at $37.*  The 5.75 million shares of Omnivision stock sold in connection with its IPO raised $69.5 million for Omnivision – slightly more than just one-third of what buyers paid for Omnivision shares in the immediate aftermarket.

17.     *FBRS Advises Investors that Omnivision Shares Undervalued at $30.*  Less than 30 days after FBRS and the Omnivision insiders had priced Omnivision's IPO at $13 per share,

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 6
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

FBRS issued a "Buy" rating on Omnivision stock. FBRS issued its rating with Omnivision shares trading at approximately $30. Other than furthering the common objective involving FBRS and Omnivision insiders as described herein, there is no logical explanation for how or why Omnivision shares, which were ostensibly fairly priced at $13 on or about July 14, 2000, became undervalued at $30 less than thirty days thereafter. Around this same time, other of the IPO underwriters issued ratings on Omnivision shares similar to that of FBRS.

18.     *10% Group Status.* FBRS, the other IPO underwriters and Omnivision officers, directors and principal shareholders beneficially owned Omnivision stock, which was registered pursuant to Section 12 of the Securities Exchange Act of 1934, when they engaged in a concerted course of conduct, the purpose of which included: (i) acquiring Omnivision stock, including acquiring Omnivision stock at progressively higher prices in order to drive up its market price; (ii) holding Omnivision stock, including holding Omnivision stock pursuant to the lock-up agreements in order to limit the supply of shares available for sale in the market; and (iii) disposing of Omnivision stock, including directly or indirectly directing the disposition of Omnivision stock so as to share in the profits gained in the aftermarket following the IPO. This concerted activity was designed to further the common objective of creating the opportunity for themselves to profit by selling Omnivision stock at the resulting inflated prices. They thereby constituted a group (the "Group") pursuant to Section 13(d) of the Securities Exchange Act of 1934 and Rule 13d-5 promulgated thereunder. Collectively, the Group beneficially owned in excess of 10 percent of Omnivision's outstanding common stock from the Group's inception prior to Omnivision's IPO on or about July 14, 2000, through at least July 13, 2001 (the "Relevant Period"). As a result, FBRS and the other members of the Group were subject to the

FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER § 16(b) – 7 No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

reporting requirements of Section 16(a) and the short-swing trading prohibition of Section 16(b) throughout the Relevant Period.

19.     ***Short-Swing Transactions in Omnivision Stock.***  Throughout the Relevant Period and within periods of less than six months, FBRS profited from purchases and sales, or sales and purchases, of Omnivision stock of which FBRS was beneficial owner for purposes of Section 16(b) ("Short-Swing Transactions").  FBRS directly or indirectly had or shared a direct or indirect pecuniary interest in Omnivision stock in various ways, including, but not limited to, the following:  (i) by sharing in the profits of customers to whom FBRS made IPO allocations of Omnivision stock; (ii) by allocating shares of Omnivision stock to executives and other high-level insiders of other companies, both private and public, from which FBRS expected to receive new or additional investment banking business in return (a practice referred to by the SEC as "spinning"); and (iii) by creating the opportunity for other members of the Group to derive personal financial benefits from the sale of Omnivision stock into an inflated market, in an effort by FBRS to obtain future investment banking business from Omnivision.

20.     ***Failure to Comply with Section 16(a) Reporting Requirements.***  FBRS failed to report the Short-Swing Transactions as required under Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(a), thereby tolling the two-year statute of limitations set forth in Section 16(b).  Because FBRS failed to report these Short-Swing Transactions as required by Section 16(a), the precise dates of prohibited Short-Swing Transactions by FBRS, any member of the Group, or others, in Omnivision stock beneficially owned by FBRS, are unknown to Ms. Simmonds at this time.

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 8
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## V.    CAUSE OF ACTION

### Short-Swing Profits Generated In Violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

21.    *Incorporation.*  The allegations in the preceding paragraphs are incorporated as if fully set forth herein.

22.    ***Profits from Short-Swing Trades.***  FBRS profited from Short-Swing Transactions in Omnivision stock by engaging in such transactions within periods of less than six months during the Relevant Period.  FBRS thereby violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

23.    *Remedy.*  Bank of America, as successor-in-interest to FBRS, and Robertson Stephens must disgorge all profits, with interest, from its Short-Swing Transactions in Omnivision stock, in amounts to be proven at trial.

## VI.    REQUESTED RELIEF

Plaintiff respectfully requests the following relief:

(a)    Judgment, jointly and severally, against Bank of America and Robertson Stephens for all profits from Short-Swing Transactions prohibited by Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b), in amounts to be proven at trial;

(b)    An award of pre-judgment and post-judgment interest on all amounts awarded or restitution or disgorgement ordered;

(c)    An award of costs and attorneys' fees, jointly and severally, against Bank of America and Robertson Stephens; and

(d)    Such other and further relief that this Court deems just and equitable.

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 9
No. C07-1668 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this _28th_ day of February, 2008.

**GORDON TILDEN THOMAS & CORDELL** LLP

By _____

Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Mark A. Wilner, WSBA #31550

**KELLER ROHRBACK L.L.P.**

By _____ for

William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431

Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 10
No. C07-1668 JLR

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

**Counsel for Nominal Defendant:**

Barnes H. Ellis, WSBA #13702
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone:    503-294-9243
Facsimile:    503-220-2480
E-Mail:        bhellis@stoel.com

Molly M. Daily, WSBA # 28360
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98104
Telephone:    206-386-7557
Facsimile:    206-386-7500
E-Mail:        mmdaily@stoel.com


Jacqueline Lucien, Legal Secretary
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jlucien@gordontilden.com

FIRST AMENDED COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 11
No. C07-1668 JLR

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292